

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Orlando Division



Case No.

THEODORE P. ARIAS, RANDOLPH
SCOTT, and KEVIN D. JONES,

      Plaintiffs,

vs.

P.I. REALTY CORP.

      Defendant.

_____/

*6:03-CV-296-ORL-22JGG*

# <u>Complaint and Demand for Jury Trial</u>

Plaintiffs, THEODORE P. ARIAS, RANDOLPH SCOTT, and KEVIN D. JONES, by and through their undersigned counsel, hereby sue the Defendant, P. I. REALTY CORP., and allege as follows:

## <u>Introduction</u>

1. This is an action for overtime compensation brought pursuant to and arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq.*

## <u>Jurisdiction</u>

2. This court has jurisdiction pursuant to 28 U.S.C. §1331 and §16(b) of the Fair Labor Standards Act [29 U.S.C. §216(b)] and 29 U.S.C. §621.

## <u>Venue</u>

3. The cause of action arose in Osceola County, Florida, in the Middle District of Florida.

## <u>Parties</u>

4. The individual claims of the Plaintiffs herein have common questions of fact and law.

5. The Defendant, P.I. REALTY CORP., is a Florida corporation having its principal place of business in Osceola County, Florida.

6. Plaintiff, THEODORE P. ARIAS, started working for Defendant on September 20, 1998 as a maintenance technician.

7. Plaintiff, RANDOLPH SCOTT, started working for Defendant on February 20, 1999 as a maintenance technician.

1

8. Plaintiff, KEVIN D. JONES, started working for Defendant on August 27, 2001 as a maintenance supervisor.

## COUNT I

9. Plaintiff, THEODORE P. ARIAS, repeats and realleges the allegations set forth in paragraphs 1 through 8 as if fully set forth herein.

10. This is an action brought pursuant to and arising under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. §201, *et seq.*] (hereinafter, "the Act"). It is brought by the plaintiff, THEODORE P. ARIAS, as an employee, pursuant to §16(b) of the Act [29 U.S.C. §216(b)], on behalf of himself and all others similarly situated.

11. Plaintiff, THEODORE P. ARIAS began his employment with the Defendant, P.I. REALTY CORP., on approximately September 20, 1998.

12. Defendant, P.I. REALTY CORP. is a Florida for-profit corporation doing business in Osceola County, Florida, Florida. Additionally, Defendant, P.I. REALTY CORP. is an "employer" as defined by §3(a) of the Act [29 U.S.C. §203 (a)] and an enterprise engaged in commerce within the meaning of §3(s)(1) of the Act [29 U.S.C. §203 (s)(1)].

13. Since at least beginning on or about September of 1998, Defendant, P.I. REALTY CORP., has violated the provisions of §§7 and 15(a)(2) of the Act [29 U.S.C. §§207 and 215(a)(2)] by employing employees engaged in commerce for work-weeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed.

14. ARIAS worked numerous weeks in excess of 40 hours per week, yet was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

15. Defendant's policy of not paying its employees overtime for hours worked in excess of 40 each week is both unlawful and company-wide and each hourly employee employed by Defendant during the three years prior to the filing of this complaint has been deprived of overtime, similarly to the named plaintiff, ARIAS.

16. The failure to pay overtime compensation to ARIAS and the other similarly situated employees is unlawful in that the employees are not exempt from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. §213(a).

17. Pursuant to §16(b) of the Act [29 U.S.C. §216 (b)], Plaintiff, ARIAS, is entitled to recover from the Defendant, as is each of the other similarly situated employees:

    a.    his unpaid overtime compensation;

    b.    an amount equal to the unpaid overtime compensation he is owed as liquidated damages;

    c.    the costs of this action; and

    d.    a reasonable attorney's fee.

WHEREFORE, Plaintiff, THEODORE P. ARIAS, prays that this court will grant judgment:

    a.    awarding ARIAS and each other similarly situated employee who opts in, payment of overtime compensation found by the court to be due ARIAS under the Act;

    b.    awarding an additional equal amount as liquidated damages;

    c.    awarding plaintiff his costs, including a reasonable attorney's fee; and

    d.    granting such other and further relief as is just.

## COUNT II

18. Plaintiff, RANDOLPH SCOTT, repeats and realleges the allegations set forth in paragraphs 1 through 9 as if fully set forth herein.

19. This is an action brought pursuant to and arising under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. §201, *et seq.*] (hereinafter, "the Act"). It is brought by the Plaintiff, an employee, pursuant to §16(b) of the Act [29 U.S.C. §216(b)], on behalf of himself and all others similarly situated.

20. Plaintiff, RANDOLPH SCOTT, began working for the Defendant, P. I. REALTY CORP., in approximately February 20, 1999.

21. Defendant, P. I. REALTY CORP. is a Florida for-profit corporation doing business in Osceola County, Florida. Additionally, P. I. REALTY CORP. is an "employer" as defined by §3(a) of the Act [29 U.S.C. §203 (a)] and an enterprise engaged in commerce within the meaning of §3(s)(1) of the Act [29 U.S.C. §203 (s)(1)].

22. Since at least February of 1999, Defendant has violated the provisions of §§7 and 15(a)(2) of the Act [29 U.S.C. §§207 and 215(a)(2)] by employing employees engaged in commerce for work-weeks longer than 40 hours without compensating them for their employ-

ment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed.

23. SCOTT worked numerous weeks in excess of 40 hours per week, yet was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

24. Defendant's policy of not paying its employees overtime for hours worked in excess of 40 each week is both unlawful and company-wide and each employee employed by Defendant as a maintenance technician during the three years prior to the filing of this Complaint has been deprived of overtime, similarly to the named Plaintiff, SCOTT.

25. The failure to pay overtime compensation to SCOTT and the other similarly situated employees is unlawful in that the employees are not exempt from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. §213(a).

26. Pursuant to §16(b) of the Act [29 U.S.C. §216 (b)], Plaintiff is entitled to recover from the Defendant, as is each of the other similarly situated employees:

    a.    his unpaid overtime compensation;

    b.    an amount equal to the unpaid overtime compensation he is owed as liquidated damages;

    c.    the costs of this action; and

    d.    a reasonable attorney's fee.

WHEREFORE, Plaintiff, RANDOLPH SCOTT, prays that this court will grant judgment:

    a.    awarding SCOTT and each other similarly situated employee who opts in, payment of overtime compensation found by the court to be due SCOTT under the Act;

    b.    awarding an additional equal amount as liquidated damages;

    c.    awarding plaintiff his costs, including a reasonable attorney's fee; and

    d.    granting such other and further relief as is just.

## COUNT III

27. Plaintiff, KEVIN D. JONES, repeats and realleges the allegations set forth in

- 4 -

paragraphs 1 through 9 as if fully set forth herein.

28. This is an action brought pursuant to and arising under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. §201, *et seq.*] (hereinafter, "the Act"). It is brought by the Plaintiff, an employee, pursuant to §16(b) of the Act [29 U.S.C. §216(b)], on behalf of himself and all others similarly situated.

29. Plaintiff, KEVIN D. JONES, began working for the Defendant, P. I. REALTY CORP., on approximately August 27, 2001.

30. Defendant, P. I. REALTY CORP. is a Florida for-profit corporation doing business in Osceola County, Florida. Additionally, P. I. REALTY CORP. is an "employer" as defined by §3(a) of the Act [29 U.S.C. §203 (a)] and an enterprise engaged in commerce within the meaning of §3(s)(1) of the Act [29 U.S.C. §203 (s)(1)].

31. Since at least August of 2001, Defendant has violated the provisions of §§7 and 15(a)(2) of the Act [29 U.S.C. §§207 and 215(a)(2)] by employing employees engaged in commerce for work-weeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed.

32. JONES worked numerous weeks in excess of 40 hours per week, yet was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

33. Defendant's policy of not paying its employees overtime for hours worked in excess of 40 each week is both unlawful and company-wide and each hourly maintenance employee employed by Defendant during the three years prior to the filing of this Complaint has been deprived of overtime, similarly to the named Plaintiff, JONES.

34. The failure to pay overtime compensation to JONES and the other similarly situated employees is unlawful in that the employees are not exempt from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. §213(a).

35. Pursuant to §16(b) of the Act [29 U.S.C. §216 (b)], Plaintiff is entitled to recover from the Defendant, as is each of the other similarly situated employees:

    a.    his unpaid overtime compensation;

    b.    an amount equal to the unpaid overtime compensation he is owed as liquidated damages;

     c.     the costs of this action; and

     d.     a reasonable attorney's fee.

WHEREFORE, Plaintiff, KEVIN D. JONES, prays that this court will grant judgment:

     a.     awarding JONES and each other similarly situated employee who opts in, payment of overtime compensation found by the court to be due JONES under the Act;

     b.     awarding an additional equal amount as liquidated damages;

     c.     awarding plaintiff his costs, including a reasonable attorney's fee; and

     d.     granting such other and further relief as is just.

DATED this _12th_ day of March, 2003.

N. James Turner, Esquire
N. JAMES TURNER, ESQ., P.A.
Counsel for Plaintiffs
200 East Robinson Street
Suite 110
Orlando, Florida 32801-4334
(407) 422-6464
Florida Bar No. 203041